# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| KASHIF IJAZ, | **Case No.:** |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| ONEMAIN FINANCIAL GROUP, LLC, | 1. TCPA, 47 U.S.C. § 227 |
| Defendant. | 2. Tex. Fin. Code § 392 |
| | **(Unlawful Debt Collection Practices)** |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff, Kashif Ijaz (Plaintiff), through his attorneys, alleges the following against Defendant, OneMain Financial Group, LLC, (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Texas Fair Debt Collection Practices Act § 392 ("TFDCPA"), Tex. Fin. Code § 392, which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3.  Plaintiff resides in the State of Texas, and therefore, personal jurisdiction is established.

4.   Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5.  Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6.  Plaintiff is a natural person residing in Brookshire, Waller County, Texas.

7.  Plaintiff is a consumer as defined by TFDCPA, § 392.001(1).

8.  Defendant is a debt collector as that term is defined by TFDCPA, § 392.001(6), and sought to collect a consumer debt from Plaintiff.

9.  Defendant is a debt collector with its principal place of business located at 601 N. W. Second Street, Evansville, IN 47708.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant was attempting to collect an alleged debt from Plaintiff.

12. In or around April 2016, Defendant began placing calls to Plaintiff's cellular phone number (832) 454-2702, in an attempt to collect an alleged debt.

13. The calls mainly originated from (281) 347-3473.  Upon information and belief, this number is owned or operated by Defendant.

14. On or about September 9, 2016, at 8:52 a.m., Plaintiff answered a call from Defendant originating from (281) 347-3473; Plaintiff spoke with a Representative.

15. Defendant informed Plaintiff that it was attempting to collect a debt.

16. During that call, Plaintiff asked for calls to his cell phone to cease. Despite his request, Plaintiff continued to receive calls on his cellular phone

17. On that same day, September 9, 2016, at 8:53 a.m., a minute after Plaintiff having unequivocally revoked consent to be contacted, Plaintiff received an additional call from Defendant.

18. Between September 12, 2016 and September 26, 2016, Defendant called Plaintiff no less than fifteen (15) times.

19. The conduct was not only willful, but was done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

20. On or about October 8, 2016, Plaintiff's Attorney David A. Chami, sent Defendant a letter in regards to this conduct by Defendant hoping to resolve the matter pre-litigation.

21. On or about November 10, 2016, Plaintiff received a dunning letter from Defendant even after Defendant having received noticed that Plaintiff was represented by counsel.

22. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant violated the TCPA.   Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

25. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Violation of the TFDCPA Tex. Fin. Code § 392)

26. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

27. Defendant violated the TFDCPA. Defendant's violations include, but are not limited to, the following:

    a.  Defendant violated TFDCPA § 392.303(a)(2) by using unconscionable means by attempting to collect fees or expenses that are not authorized or legally chargeable to the consumer;

    b.  Defendant violated TFDCPA § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number;

    c.  Defendant violated TFDCPA § 392.304(1)(A) by using a name other than the true business or professional name or the true personal or legal name of the debt collector while engaged in debt collection;

d.  Defendant violated TFDCPA § 392.304(19) by using any other false representation or deceptive means to collect on the alleged debt or obtain information concerning Plaintiff.

28. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29. As a result of the foregoing violations of the TFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Kashif Ijaz, respectfully requests judgment be entered against Defendant, OneMain Financial Group, LLC, for the following:

A.  Declaratory judgment that Defendant violated the TDCPA and TFDCPA;

B.  Actual damages fees pursuant to TFDCPA § 392.403(2);

C.  Costs and reasonable attorneys' fees pursuant to TFDCPA § 392.403(2)(b);

D.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

E.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

F.  Any other relief that this Honorable Court deems appropriate.

//

//

//

RESPECTFULLY SUBMITTED,

Dated: February 3, 2017

By:*/s/ David A. Chami*
        David A. Chami, AZ #027585
        Price Law Group, APC
        1204 E Baseline Rd., Suite 102
        Tempe, AZ 85283
        T: (818) 907-2133
        F: (866) 401-1457
        David@pricelawgroup.com
        *Attorneys for Plaintiff, Kashif Ijaz*